UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edgar C.C., | No. 26-352 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Noem, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Edgar C.C.'s Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants Edgar C.C.'s habeas petition and orders his immediate release.

**Background**

Petitioner Edgar C.C. is a citizen of Mexico. [ECF 1 at 6.[2]] He has lived in the United States since 2001 and has not left the country since then. He has five children with United States citizenship, two of whom have special needs, and all of whom he supports. He states that he has only very minimal criminal history, having been convicted of two traffic violations,[3] and Respondents do not point to any criminal history as a basis for his detention.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies Petitioner by his first name and last initials or refers to him as "Petitioner."

[2] Petitioner filed a Verified Petition for a Writ of Habeas Corpus. [ECF 1.] Respondents likewise set forth relevant factual background in this case. [ECF 4, 5.] While each side includes facts that the other does not discuss, neither appears to meaningfully dispute the facts proffered by the opposing party. The Court draws on both the Petition and the Response in this background section.

[3] Respondents allege that ICE also encountered Edgar C.C. in 2019, when he was in custody after arrest for a DUI. [ECF 4 at 2.] They do not allege that he was convicted for this offense.

Edgar C.C. was encountered by ICE in 2019 and was released on bond.[4] While a copy of the bond is not included in the record by either party, the Court presumes that the release was pursuant to 8 U.S.C. § 1226(a). At that time, Petitioner was also placed in removal proceedings, and he has a hearing regarding his efforts to secure cancellation of removal set for April 16, 2027.

Edgar C.C. was arrested on January 15, 2026, by ICE agents acting as part of Operation Metro Surge. Although the issue was flagged in the Court's previous Order to Show Cause [ECF 3, ¶ 2e], Respondents do not allege that they had an administrative warrant supporting Edgar C.C.'s arrest, nor did they produce such a warrant.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). They do not point to any other basis for his detention or suggest that he has criminal history triggering other mandatory detention provisions.[5]

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district

---

[4] Respondents do not provide details of Edgar C.C.'s release on bond, other than its dollar value. The Court assumes that conditions of supervision were also in place, but the details of those conditions are not in the record. Respondents have not suggested that Edgar C.C. violated any of those conditions.

[5] Respondents allege that Mr. C.C.'s bond was "cancelled" following his rearrest a few days ago, though they do not suggest that he violated its conditions. [ECF 4 at 2.] They do not explain how this impacts the analysis of his habeas petition, nor do they suggest that it provides an independent basis for his detention. Petitioner argues that the cancellation was, itself, unlawful. [ECF 7.] The Court need not resolve whether the cancellation was conducted in accordance with the law, as it appears to make no difference to the Court's analysis.

courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Edgar C.C. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.[6] Indeed, the fact that Edgar C.C. was previously released on bond—apparently pursuant to § 1226(a)—further supports a finding that § 1225(b)(2) does not apply here.

### Propriety of Immediate Release

Petitioner Edgar C.C. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. Respondents suggest that, if relief is required, it should be a bond hearing. The Court concludes that immediate release is appropriate in this case. First, the government has not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's recent arrest, nor has the government produced one to the Court. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).

---

[6] Petitioner Edgar C.C. also argues that he is a class member in the nationwide class action decision in *Maldonado Bautista v. Santacruz,* 5:25-cv-01873 (C.D. Cal. Dec. 18, 2025) (ECF 92). Respondents counter that the class-wide relief in that case does not apply to petitioners in the District of Minnesota. The Court need not resolve this issue because the Court concludes that immediate release is appropriate in this individual case, regardless of whether Edgar C.C. is a *Maldonado Bautista* class member or not.

Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8) Jan. 12, 2026) (same). Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion of violation of any of Edgar C.C.'s previous conditions of supervision, release is the correct remedy. The Court further notes that Edgar C.C. has already been provided with a bond hearing pursuant to § 1226(a), and was placed on bond as a result. It makes little sense to afford a second bond hearing when no reason was proffered to undermine the first.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Edgar C.C. Such release shall be on the same terms and conditions that governed his release status previously, if there were conditions of release imposed.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: January 20, 2026                     *s/Katherine M. Menendez*
                                                                 Katherine M. Menendez
                                                                 United States District Judge